UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DONSHA D. SUTTON,

                Plaintiff,

v.                                                      Case No. 24-cv-0017-bhl

AMANDA LEAVITT et al.,

                Defendants.

---

## DECISION AND ORDER

---

      Plaintiff Donsha Sutton, who is incarcerated at the Racine Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On November 18, 2024, Defendants filed a motion for partial summary judgment on the ground that Sutton failed to exhaust the available administrative remedies in connection with his First Amendment claim that a strip search unreasonably burdened his religious faith. Dkt. No. 28. At Sutton's request, the Court extended his response deadline to January 17, 2025. The deadline has passed, and Sutton did not respond to the motion. Accordingly, as Sutton was warned, the Court will assume all facts asserted by Defendants are undisputed and will decide the motion without his input. *See* Civil L. R. 56(b)(4).

## BACKGROUND

      Sutton is proceeding, in part, on a First Amendment claim based on allegations that Defendants conducted a strip search in a humiliating manner that violated his religious beliefs. Sutton filed one inmate complaint relevant to the claims in this action. In the inmate complaint, he alleged that he was strip searched in front of a female officer and other inmates, which made

him feel humiliated and disrespected. Sutton made no mention of his religious beliefs, nor did he state that his religious beliefs had been violated. Dkt. No. 30 at ¶¶1-10.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Sutton was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The Seventh Circuit has explained that the "primary purpose of the exhaustion doctrine [is to] alert[] the prison officials to the existence of the problem and afford[] an opportunity to repair the injury." *Lockett v. Bonson*, 937 F.3d 1016, 1027 (7th Cir. 2019). Thus, to properly exhaust, an

2

inmate must "provide[] notice to the prison of the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citations omitted).

It is undisputed that the inmate complaint does not reference Sutton's religious beliefs or suggest that the strip search violated his religious beliefs. Accordingly, the Court finds that Sutton's inmate complaint did not alert prison officials to the "nature of the wrong," *i.e.*, that the strip search violated Sutton's religious beliefs, and therefore was insufficient to exhaust the available administrative remedies. *See Dye v. Kingston*, 130 F. App'x 52, 56 (7th Cir. 2005) (holding that an inmate complaint that did not suggest that the confiscation of a Bible infringed on his religious practice was insufficient to provide notice of the nature of the wrong). Defendants are therefore entitled to summary judgment on Sutton's First Amendment claim.

**IT IS THEREFORE ORDERED** that Defendants' motion for partial summary judgment for failure to exhaust the administrative remedies in connection with Sutton's First Amendment claim (Dkt. No. 28) is **GRANTED**. Sutton's First Amendment claim is **DISMISSED without prejudice** based on his failure to exhaust the available administrative remedies.

Dated at Milwaukee, Wisconsin on January 23, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge