UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONSHA D. SUTTON,

                Plaintiff,

v.                                                                    Case No. 24-cv-0017-bhl

AMANDA LEAVITT et al.,

                Defendants.

## DECISION AND ORDER

      Plaintiff Donsha Sutton, who is representing himself, filed a complaint under 42 U.S.C. §1983. He is proceeding on claims that Defendants Amanda Leavitt and Eric Gesta violated his Eighth Amendment rights during a mass strip-search at the Kettle Moraine Correctional Institution. On April 29, 2025, Defendants filed a motion to dismiss Sutton's claim against Gesta because, after reviewing video footage of the search, Gesta was able to confirm that he was not the officer who strip-searched Sutton. On May 2, 2025, Defendants moved for summary judgment. In their legal brief, Defendants asserted that "Gesta did not conduct the strip search of the inmates in cell 6 (Mr. Sutton's cell) and should therefore be dismissed. Because the identi[t]y of [the person who strip-searched Sutton] remains unknown, this brief will refer to that person as John Doe." Dkt. No. 59 at 2, n. 3. Defendants' summary judgment motion then proceeds to argue that, irrespective of the identity of John Doe, the case should be dismissed and there is therefore no reason to give Sutton time to try to identify the correct defendant. *Id*. Based on that representation, the Court ordered Sutton to respond to Defendants' motions by June 2, 2025. About a week later, Sutton responded to the motion to dismiss, and that motion is now fully briefed. On May 23, 2025, Sutton filed a motion to stay his deadline to respond to Defendants' motion for summary judgment

pending resolution of Defendants' motion to dismiss. Dkt. No. 65. The Court will deny Sutton's motion to stay his response deadline.

As noted, Defendants assert that their summary judgment motion provides reason to dismiss the entire case regardless of who strip-searched Sutton. Indeed, in their motion Defendants acknowledge Sutton's assertion that he asked the person conducting the search if the door could be closed during the search for privacy and that the person conducting the search said no. Dkt No. 60 at ¶64. Also, at his deposition, Sutton testified under oath that he could not recall the person conducting the search making any comments during the search and that his "primary complaint was the officer not allowing [him] to close the door when [he] was being strip searched." Dkt. No. 57 at 35:17-21 and 37:19-21. Defendants argue that penological justifications existed for keeping all cell doors open during the mass strip-search. Because *no* officer would have agreed to Sutton's request to close the door during the search, the identity of the officer who conducted the search is immaterial to Defendants' argument. Accordingly, the Court does not have to resolve the motion to dismiss Sutton's claim against Gesta before it can resolve Defendants' motion for summary judgment. The Court will therefore deny Sutton's motion to stay his response deadline; however, it will extend his response deadline to **June 30, 2025**.

**IT IS THEREFORE ORDERED** that Sutton's motion to stay his deadline to respond to Defendants' summary judgment motion (Dkt. No. 65) is **DENIED**.

**IT IS FURTHER ORDERED** that, if by **June 30, 2025**, Sutton does not respond to Defendants' summary judgment motion (Dkt. No. 58), the Court will accept all facts asserted by Defendants as undisputed and will decide the motion without Sutton's input.

Dated at Milwaukee, Wisconsin on June 2, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
